GOTHARD, Judge.
This case arises from a claim for proceeds of a group accident policy. The plaintiff beneficiary appeals summary judgment in favor of the defendant insurer.
Michael T. Guidry, Sr. signed an application for an accident policy with Colonial Life and Accident Insurance Company on August 23, 1985[1] and was unfortunately killed in an accident at 7:00 a.m. the next day, August 24, 1985. When the beneficiary, Cecile Anseman Guidry, mother of the decedent, applied for the proceeds, she was informed that the policy was not yet in effect on the day her son died and would not have been effective until September 1, 1985. Mrs. Guidry filed suit against Colonial on February 12, 1986 for $16,000 plus legal interest plus 25% attorney’s fees. The defendant moved for summary judgment, which was heard on August 18, 1986 and granted on August 19.
The issue before this court is whether the policy was in effect at the time Michael Guidry died.
Guidry applied for the insurance in connection with a group “cafeteria plan” of benefits offered by his employer, Standard Supply Hardware Company. The plan- was set up in accordance with Internal Revenue provisions appearing in 26 U.S.C. Sec. 125 (1984). The employee executed a Flexible Benefit Plan Election Form indicating his benefit choice and the amount to be deducted from his wages; the form stated unequivocally that the plan would be in effect from September 1, 1985 to September 1, 1986. At the same time Guidry completed the required separate application to Colonial for accident insurance, which contained no effective date.
After Guidry’s death the mother received a policy schedule which listed the effective date of coverage as August 24, 1985. According to counsel’s brief that was the only document received. The plaintiff takes the position that it alone constituted an insurance policy and was the only contract between the parties. The defendant asserts that a policy was not issued during Gui-dry’s lifetime. Further, the policy schedule itself was in error as to the date and a corrected one was sent to all the employees who had elected that coverage. The policy schedule is not a policy and is no more than a summary of the basic provisions.
*221 The insurance application form completed by Guidry provides:
The above representations are true and correct to the best of my knowledge and belief and it is understood that this applicator shall not be binding upon the Company until the policy is issued by the Company and the first premium has been paid while any conditions affecting insurability are the same as described herein if applicable_ (Emphasis supplied.)
Attached to the defendant’s motion for summary judgment were the affidavit of Jack Beck, the agent for Colonial who took Guidry’s application, the affidavit of Jeffrey L. Ream, assistant vice president of the Colonial, and the signed Flexible Benefits Plan Election Form. The two affiants attested that they had personal knowledge of the facts. Beck stated that he had interviewed Guidry and assisted him in completing the application for insurance; that he informed him of the effective coverage date and when payroll deductions would be made; that Guidry understood that coverage would be effective September 1, 1985 to September 1, 1986; and that Guidry signed the election form and knew the application for insurance did not constitute issuance of the policy. Ream’s affidavit stated that Guidry had applied for coverage under Standard Supply Hardware Company’s “cafeteria plan”, and that although Guidry was included in the first billing for premium, no premium was received for him. The defendant submitted at trial a copy of a twelve-page accident policy with a typed heading on the first page, as follows:
Duplicate Standard Supp Hrdwr 125 Michael T Guidry, Sr 604 Ave E
Marrero LA 70072
The policy was issued some time after Gui-dry’s death and consequently not delivered.
In opposition to summary judgment the plaintiff submitted her own affidavit, stating that she received an insurance policy showing the effective date of August 24, 1985; that she and her son had accepted the document as a genuine insurance policy; and that it and her son’s application were the only documents she had received until after she filed the suit. The “insurance policy” is, of course, the schedule of benefits referred to above. There is no evidence that she had any contact with her son between the signing and his death.
The appellant’s assertion that the policy schedule is the entire instrument representing the contract of insurance is based on the statement at the top of the sheet which reads: “This policy provides those benefits shown in the ‘policy schedule’ below.” The sheet provides the policy number, the names of the company, the employer and the insured, the effective date, monthly premium, and an abbreviated list of benefits. It does not fulfill the requirements of LSA-R.S. 22:624, which sets out the required content of policies.[1] The one-page document fails to state the conditions pertaining to the insurance or the period of coverage, and although it may be a part of a policy as alleged by the defendant, it cannot serve as the written instrument representing a contract of insurance. Indeed, in the copy of the Colonial policy addressed to Standard Supply Hardware and Michael Guidry the index lists “Policy Schedule” as a part of the policy.
The judgment appealed from recites that:
*222 The agreement between Michael Gui-dry and the insurance company was that his insurance would take effect on September 1, 1985. Mr. Guidry met his untimely death on August 24, 1985.
The defendant’s affidavits and the decedent’s election form are convincing that the application and election form accurately represented the underlying contract of insurance, including the effective date of September 1. Even if we discount that evidence and rely on the Policy Schedule, it is apparent that Guidry died before the policy took effect. On page three of the complete policy, under “Your Contract With Us, Policy Effective Date,” is the statement, “This policy begins at noon on the effective date shown in the Policy Schedule.” If the effective date were August 24, 1985, the insurance was not in effect as the death occurred at 7:00 a.m., five hours before noon.
This case is one in which summary judgment is appropriate, as the documents in the record and those submitted in opposition by the plaintiff indicate that there is no genuine issue for trial. La.C.C.P. art. 966, 967. Accordingly, the defendant-mover is entitled to judgment as a matter of law, and the judgment appealed from is affirmed.
AFFIRMED.

. The application was inadvertently dated August 24, which the insurance company agrees was incorrect.

. LSA-R.S. 22:624 reads as follows, in pertinent part.
A. The written instrument, in which a contract of insurance is set forth, is the policy.
B. A policy shall specify:
(1) The names of the parties to the contract. The insurer’s name and if not a life insurer, the type of organization shall be clearly shown in the policy.
(2) The subject of the insurance.
(3) The risks insured against.
(4) The time at which the insurance thereunder takes effect and the period during which the insurance is to continue.
(5) A statement of the premium, other than as to surety bonds, and if other than life, accident or health, or title insurance, the premium rate.
(6) The conditions pertaining to the insurance.